Regency Village Management, Respondent,
against
Leticia Rodriguez, Appellant. 




The Law Offices of Zev Goldstein, PLLC (Zev Goldstein of counsel), for appellant.
Wilf Law Firm, LLP (Mark A. Rothberg of counsel), for respondent.

Appeal from a judgment of the Justice Court of the Town of Ramapo, Rockland County (Rhoda Schoenberger, J.), entered March 27, 2019. The judgment, upon, in effect, granting a "cross motion" by landlord for an award of attorney's fees, awarded landlord attorney's fees in the sum of $499 in a nonpayment summary proceeding.




ORDERED that the judgment is reversed, without costs, and landlord's "cross motion" for attorney's fees is denied.
In this nonpayment proceeding, commenced in November 2018, tenant appeals from a judgment, entered upon, in effect, the granting of a "cross motion" by landlord for attorney's fees, awarding landlord attorney's fees in the sum of $499.
Prior to the enactment of the Housing Stability and Tenant Protection Act of 2019 (L 2019, ch 36) (HSTPA), in order for a landlord to recover attorney's fees in a residential summary proceeding, the landlord was required to show that the lease deemed the attorney's fees additional rent (see e.g. Green v Weslowski, 53 Misc 3d 144[A], 2016 NY Slip Op 51568[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]).[FN1]
As landlord did not introduce the lease, it failed to make [*2]this showing. Moreover, even if the lease contains a provision deeming attorney's fees additional rent, that provision would not be enforceable, since tenant is a Section 8 tenant and such fees cannot be considered rent as to a Section 8 tenant and cannot be recovered in a summary proceeding against such a tenant (see Matter of Binghamton Hous. Auth. v Douglas, 217 AD2d 897 [1995]; Greenburgh Hous. Auth. v Hall, 55 Misc 3d 146[A], 2017 NY Slip Op 50680[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017]; Fairview Hous., LLC v Wilson, 38 Misc 3d 128[A], 2012 NY Slip Op 52385[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]).

In addition, as tenant correctly contends, this court has repeatedly held that where, as here, full payment is made prior to the hearing date and the landlord does not obtain a final judgment of possession in a nonpayment proceeding, the landlord does not prevail with respect to the central relief sought and is not entitled to attorney's fees (e.g. Oakdale Manor Owners, Inc. v Raimondi, 49 Misc 3d 151[A], 2015 NY Slip Op 51754[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]; Fairview Hous., LLC v Dickens, 39 Misc 3d 146[A], 2013 NY Slip Op 50848[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2013]).[FN2]


Accordingly, the judgment is reversed and landlord's "cross motion" for attorney's fees is denied.

TOLBERT, J.P., RUDERMAN and EMERSON, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: January 30, 2020



Footnotes

Footnote 1: The HSTPA added a new section 702 to the Real Property Actions and Proceedings Law, which defines "rent," with respect to residential tenants, as "the monthly or weekly amount charged in consideration for the use and occupation of a dwelling pursuant to a written or oral agreement" and further provides that, notwithstanding any language to the contrary in the lease, no other fees may be considered rent. However, this provision applies only to actions and proceedings commenced on or after June 14, 2019 (see L 2019, ch 36, part M, § 29).

Footnote 2: Notably, the HSTPA added a new subdivision 4 to RPAPL 731, which provides that, in a nonpayment proceeding, payment of the full amount of the rent due prior to the hearing of the petition moots the basis for the proceeding (see L 2019, ch 36, part M, § 13). However, this new provision also applies only to proceedings commenced on or after June 14, 2019 (see L 2019, ch 36, part M, § 29).